D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616

gill@sperleinlaw.com

Attorney for Plaintiff    E-filing
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC. d/b/a TITAN
MEDIA, a California corporation,

   Plaintiff,

       vs.

DOES 1-21, individuals,

   Defendants.

)
) CASE NO.: CV 10 1682
)
)
)
) **COMPLAINT:**
)
) **COPYRIGHT INFRINGEMENT and**
) **CIVIL CONSPIRACY**
)
)
)
) **JURY TRIAL DEMANDED**
)

## INTRODUCTION

1.    This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendants DOE 1 -21 and to enjoin Defendants from future infringement. Defendants reproduced, distributed, and publicly displayed, through the P2P network "eDonkey2000" certain Io Group-owned audiovisual works.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THE PARTIES

2.     Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103.     Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and through which customers paying a monthly subscription fee may view Plaintiff's photographic and audiovisual works.

3.     The true names and capacities, whether individual, corporate, affiliate, or otherwise, of Defendant DOES 1-21, inclusive, are presently unknown to Plaintiff, and for that reason Plaintiff sues those Defendants by such fictitious names.  Plaintiff is informed and believes and based thereon alleges that each of the DOE Defendants is in some way responsible for the damages herein alleged.  Plaintiff will amend this Complaint when it discovers the true names and capacities of the DOE Defendants.  Plaintiff is informed and believes and based thereon alleges that each of the DOE Defendants is a resident of the state of California or engaged in the activity forming the basis of this Complaint while in California.

4.     Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent and representative of the other Defendants, acting within the purpose and scope of said agency and representation.  Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

## JURISDICTION

5.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

6.     The Court has personal jurisdiction over Defendants. All Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California.    Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## INTRADISTRICT ASSIGNMENT

7.     Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

9.     Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid

detection, identification, and prosecution. Defendants' infringement represents one of these manifestations of on-line digital piracy.

10.     In using the peer-to-peer (P2P) network, "eDonkey2000", each of the DOE Defendants conspired with other individuals, including the other DOE Defendants, to reproduce and distribute Plaintiff's copyrighted works. Each of the DOE Defendants conspired to provide other individuals with infringing copies of Plaintiff's works in exchange for receiving infringing copies of other works including other works belonging to Plaintiff.

## FACTS COMMON TO ALL CLAIMS

11.     Plaintiff has won numerous awards for its high-quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then Plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography, and Best Editing. Competitors and consumers alike recognize Plaintiff as one of the highest quality producers of gay erotica.

12.     Each of the audiovisual works at issue in this action is of obvious high production values and is easily discernable as a professional work. Plaintiff created the works using professional performers, directors, cinematographers, lighting technicians, set designers and editors. Plaintiff created each work with professional grade camera, lighting, and editing equipment.

13.     Plaintiff holds a valid copyright registration certificate for each of the audiovisual works at issue in this action, or has applied for registration.

14.     Each of Plaintiff's works is marked with Plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

15.     All Defendants knew or should have known that Plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

16.     At various times Plaintiff discovered and documented a number of Io Group, Inc. copyrighted works being publicly distributed by DOES 1 – 21 by and through the P2P network "eDonkey2000".

17.     Defendants, without authorization, copied and distributed audiovisual works owned by and registered to Plaintiff.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

18.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19.     At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual works reproduced and distributed by Defendants through the P2P network "eDonkey2000".

COMPLAINT

20.     For each of the works at issue in this matter, Plaintiff holds a copyright registration certificate from the United States Copyright Office or has applied for a registration certificate.

Defendants Willfully Infringed Plaintiff's Registered Copyrights

21.     Plaintiff is informed and believes and based thereon alleges that Defendants without authorization reproduced and distributed Plaintiff's copyright registered works by and through the P2P network "eDonkey2000".

22.     Defendant DOE 1, without authorization reproduced Plaintiff's registered work, *Full Access* (U.S. registration pending) and distributed it on November 24, 2009 from the IP address 67.180.60.2

23.     Defendant DOE 2, without authorization reproduced Plaintiff's registered work, *Full Access* (U.S. registration pending ) and distributed it on December 6, 2009 from the IP address 69.181.127.85

24.     Defendant DOE 3, without authorization reproduced Plaintiff's registered work, *Alabama Takedown* (U.S. registration No. PA 1-304-285) and distributed it on November 13, 2009 from the IP address 98.210.156.136

25.     Defendant DOE 4, without authorization reproduced Plaintiff's registered work, *Bad Conduct* (U.S. registration No. PA 1-666-470) and distributed it on December 12, 2009 from the IP address 71.202.101.173.

26.     Defendant DOE 5, without authorization reproduced Plaintiff's registered work, *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on November 2, 2009 from the IP address 67.164.115.35.

27. Defendant DOE 6, without authorization reproduced Plaintiff's registered work, *Cop Shack 2: Crossing the Line* (U.S. registration No. PA 1-366-927) and distributed it on November 22, 2009 from the IP address 67.161.48.6.

28. Defendant DOE 7, without authorization reproduced Plaintiff's registered work, *Command Post* (U.S. registration No. PA 1-618-019) and distributed it on November 18, 2009 from the IP address 71.198.135.53.

29. Defendant DOE 8, without authorization reproduced Plaintiff's registered work, *Command Post* (U.S. registration No. PA 1-618-019) and distributed it on December 19, 2009 from the IP address 71.196.106.124.

30. Defendant DOE 9, without authorization reproduced Plaintiff's registered work, *Double Standard* (U.S. registration No. PA 1-636-650) and distributed it on November 6, 2009 from the IP address 67.164.54.142.

31. Defendant DOE 10, without authorization reproduced Plaintiff's registered work, *Double Standard* (U.S. registration PA 1-636-650) and distributed it on December 7, 2009 from the IP address 24.6.160.16.

32. Defendant DOE 10, without authorization reproduced Plaintiff's registered work, *Manplay-Closed Set* (U.S. registration No. PA 1-238-188) and distributed it on December 7, 2009 from the IP address 24.6.160.16.

33. Defendant DOE 11, without authorization reproduced Plaintiff's registered work, *Rough Trade* (U.S. registration No. PA 1-264-225) and distributed it on October 20, 2009 from the IP address 98.234.179.89.

COMPLAINT

34.    Defendant DOE 12, without authorization reproduced Plaintiff's registered work, *Ten Tops One Fuller* (U.S. registration no. PA 1-232-827) and distributed it on October 10, 2009 from the IP address 98.210.196.208.

35.    Defendant DOE 13, without authorization reproduced Plaintiff's registered work, *Overdrive* (U.S. registration pending) and distributed it on October 22, 2009 from the IP address 98.234.115.43.

36.    Defendant DOE 14, without authorization reproduced Plaintiff's registered work, *Shock Treatment* (U.S. registration No. PA 1-666-469) and distributed it on November 22, 2009 from the IP address 24.5.85.178.

37.    Defendant DOE 15, without authorization reproduced Plaintiff's registered work, *Slow Heat in a Texas Town* (U.S. registration No. PA 1-661-081) and distributed it on November 17,  2009 from the IP address 24.7.69.163

38.    Defendant DOE 16, without authorization reproduced Plaintiff's registered work, *Slow Heat in a Texas Town* (U.S. registration No. PA 1-661-081) and distributed it on December 8, 2009 from the IP address 69.181.74.238.

39.    Defendant DOE 17, without authorization reproduced Plaintiff's registered work, *Side Tracked* (U.S. registration no. PA 1-367-602) and distributed it on December 6, 2009 from the IP address 24.130.175.104.

40.    Defendant DOE 18, without authorization reproduced Plaintiff's registered work, *Folsom Flesh* (U.S. registration No. PA 1-666-461) and distributed it on December 8, 2009 from the IP address 67.188.32.172.

41.     Defendant DOE 19, without authorization reproduced Plaintiff's registered work, *Service Trade* (U.S. registration no. PA 1-206-361) and distributed it on October 17, 2009 from the IP address 76.102.197.239.

42.     Defendant DOE 20, without authorization reproduced Plaintiff's registered work, *Triage* (U.S. registration No. PA 1-666-468) and distributed it on November 15, 2009 from the IP address 69.181.105.198.

43.     Defendant DOE 21, without authorization reproduced Plaintiff's registered work, *Woodsmen* (U.S. registration no. PA 1-139-371) and distributed it on November 15, 2009 from the IP address 98.207.224.39.

44.     Plaintiff did not authorize defendants' copying or distribution of any of these works.

45.     Defendants infringed the copyrights in Plaintiff's creative works by reproducing and distributing the works by and through the P2P network eDonkey2000 without approval or authorization of Plaintiff.

46.     Defendants knew or should have known the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

47.     Defendants knew or should have known the works were professional works and likely subject to copyright.

48.     Defendants knew they did not have permission to engage in any of the acts held exclusively by copyright holders.

49.     Defendants knew or should have known their acts constituted copyright infringement.

50.   Defendants' conduct was willful within the meaning of the Copyright Act.

51.   As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.   Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

52.   Plaintiff is entitled to recover damages, which include its losses and any and all profits these Defendants have made as a result of their wrongful conduct.   17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

53.   In addition, because the infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c) (2).

54.   Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
## CIVIL CONSPIRACY

55.   Defendants, and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works, including Plaintiff's works, in exchange for infringing reproductions of other copyright protected works, including Plaintiff's works.

## JURY DEMAND

56.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

COMPLAINT

## **PRAYER**

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1)     That the Court enter a judgment against all Defendants that they have:

      a.  willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and

      b.  otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3)     That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(4)     That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

(5)   That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6)   That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated:  4/20/2012                                   Respectfully submitted,

                                                    D. GILL SPERLEIN
                                                    Attorney for Plaintiff, IO GROUP, INC.

-12-

1

<u>CERTIFICATION OF INTERESTED PERSONS</u>

2

3        Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i)

4   have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)

5   have a non-financial interest in that subject matter or in a party that could be substantially affected

6   by the outcome of this proceeding:

7

8

9        Bruce Lahey – majority shareholder of Io Group, Inc.

10       Brian Ashby – minority shareholder of Io Group, Inc.

11

12  Dated:  4/20/2010                    Respectfully submitted,

13

14

15

16                                       GILL SPERLEIN
                                         Attorney for Defendant IO GROUP, INC.
17

18

19

20

21

22

23

24

25

26

27

28

-13-

COMPLAINT